No. 18,990.

WILLIAM E. MONTOYA *v.*
PEOPLE OF THE STATE OF COLORADO.
(345 P. [2d] 1062)

Decided November 9, 1959.

10

Mr. WALTER L. GERASH, Mr. KARL C. FALCH, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, *Deputy,* Mr. GERALD HARRISON, Assistant, for defendant in error.

Mr. EDWIN M. SEARS, Mr. MARVIN DANSKY, amici curiae.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as defendant, was convicted and sentenced in the Logan County District Court for the crime of simple robbery. He brings the case here on writ of error assigning two principal grounds for reversal, to-wit:

1. That the trial court erred in refusing to quash the panel of jurors because "persons having Spanish-sounding names were systematically excluded from service on the petit jury, although there were such persons fully qualified to serve as such in Logan County." It is alleged that this fact denied the defendant equal protection of the law as guaranteed by the Federal and State Constitutions, and

2. That the trial court erred in denying a motion for mistrial when it appeared that defendant was brought into court manacled, in view of the jurors immediately prior to their voir dire examination.

*Hernandez v. Texas,* 347 U.S. 475, 98 L. Ed. 866, 74 S. Ct. Rep. 667, is directly in point. There the defendant was convicted of murder and prior to trial, as in the instant case, a motion was made to quash the jury panel. There it was asserted that persons of Mexican descent were systematically excluded from service as jury com-

missioners, grand jurors and petit jurors. The judgment of conviction was reversed, the court approving the pattern of proof necessary to show systematic exclusion used in *Norris v. Alabama,* 294 U.S. 587. In the Norris case the essential matters to be considered in determining if a systematic exclusion of a certain class of jurors exists are: (a) That the class claimed to be excluded forms a substantial segment of the population of the county. (b) That some of the class are qualified to serve as jurors and (c) That a mere token or no members of the class have served on the jury over an extended period of time.

In *Honda v. People,* 111 Colo. 279, 141 P. (2d) 178, it was said, referring to the Norris case, supra; *Neal v. Delaware,* 103 U.S. 370, and *Carter v. Texas,* 177 U.S. 442, "We do not question the law as laid down in those cases."

Here we have a defendant of Spanish-American descent, with a Spanish-sounding surname, charged with a crime. It was amply proved that there were persons having Spanish-sounding surnames on the tax rolls of Logan County and who were qualified to act as jurors. It was further shown, without contradiction, that in the last eight years no persons with Spanish-sounding surnames appeared on the jury lists. From 1955 to 1957 the gross jury lists, from which the petit jury is drawn, contained some five thousand four hundred names. Not one Spanish-sounding surname appeared on these lists. In 1958 there were two Spanish surnames out of one thousand six hundred names. Neither of these persons served on the petit jury. Counsel stipulated that the 1950 U.S. census gave Logan County a population of more than seventeen thousand persons and that the same census showed that of this number 719 persons had Spanish-sounding surnames.

To rebut the prima facie case thus made, the People offered the testimony of public officials who denied the practice of systematic exclusion and knowledge of

a policy designed to promote such exclusion. As was said in *Norris v. Alabama,* supra, "if in the presence of such testimony as defendant adduced, the mere general assertions by officials of their performance of duty were to be accepted as an adequate justification for the complete exclusion of Negroes from jury service, the constitutional provision — adopted with specific reference to their protection — would be but a vain and illusory requirement." To quote from the *Hernandez* case: "The result bespeaks discrimination, whether or not it was a conscious decision on the part of any individual jury commissioner." See also *Avery v. Georgia,* 345 U.S. 559, *Reece v. Georgia,* 345 U.S. 559, *Reece v. Georgia,* 350 U.S. 85, *Eubanks v. Louisiana,* 356 U.S. 584.

██ In the instant case defendant was brought into open court before the jury panel manacled. While the doctrine announced in *Eaddy v. People,* 115 Colo. 488, 174 P. (2d) 717, considered the garb in which a defendant was brought into court for trial, we think the same reasoning should here apply. In the instant case the sheriff who thus brought defendant into open court testified that he could have brought him to court without handcuffing him. *United States v. Dressler,* 112 F. (2d) 972.

We do not mean to be understood as holding that a defendant can never be brought into court handcuffed, but in this case it was unnecessary and prejudicial to defendant to thus exhibit him before the jury panel.

For these reasons the judgment is reversed and the cause remanded for retrial consistent with the views herein expressed.