93 N.J. Super. 90 (1966)
225 A.2d 16
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER R. SYKES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Decided December 9, 1966.
*91 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Joseph J. Bergamino, assigned counsel, argued the cause for appellant.
Mr. James R. Zazzali, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney; Mr. Barry H. Evenchick, of counsel and on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
Defendant appeals from the denial of his petition for post-conviction relief.
The principal ground of appeal is that defendant was deprived of his constitutional right to a fair trial because, during a recess, he was seen in handcuffs by members of the jury. This point could have been raised on direct appeal and ordinarily it would not be cognizable upon an application for post-conviction relief. R.R. 3:10A. However since we dealt with a cognate problem in State v. Roberts, 86 N.J. Super. 159 (App. Div. 1965), we think a determination on the merits may be informative.
Viewing the facts in a light most favorable to defendant, the following may be said to have occurred. At the conclusion of the entire evidence and just prior to the summations, court was adjourned for the luncheon recess. Shortly before trial was resumed defendant, in handcuffs, was taken from the prison floor to the courtroom. This necessitated his appearance in the public corridors. As he, accompanied by a guard, approached the courtroom, defendant noticed that jurors sitting in the case were present, apparently awaiting the resumption *92 of the proceedings. He immediately complained that he did not think that the jurors should see him in handcuffs and requested that the incident be reported to the trial judge. That was done.
When the judge took the bench defendant's attorney stated for the record that his client had brought to his attention that he had been "brought down in handcuffs and the jurors were outside of the door" and that defendant feels that "this view of him in handcuffs casts an extremely dubious light on him and reflects very adversely on him * * * therefore he strongly objects to being taken before the jury." Pertinent portions of the ensuing colloquy follow:
"THE COURT: What do you want me to do about it?
MR. ITZIKMAN: I think the very least, your Honor, is something in the charge. I don't think that will have sufficient effect, but at least my objection is noted.

* * * * * * * *
THE COURT: I will tell the jury that this man has been confined and that it is not to play any part in their deliberations, the fact he has been confined. I will say in connection with this or some other problem whatever you wish.
MR. ITZIKMAN: I will leave that to the discretion of the Court.
THE COURT: Do you want a mistrial?
MR. ITZIKMAN: May I have a moment?
THE COURT: Yes, come in a minute and you can consider it.

(The afternoon recess was taken.)
[THE COURT:] The courtroom is still clear. We have had a recess since my last question to you as to what, if anything, you wish to do, Mr. Itzikman, with regard to the defendant's contention that he was in the presence of the jury with handcuffs on.
MR. ITZIKMAN: Well, I have discussed it, your Honor, with Mr. Sykes and I have explained to him the nature of making a motion for a mistrial at this point, regardless of whether or not it would be granted, and several other alternatives. In discussing it he has advised me that he would desire as an alternative the opportunity to take the stand again and testify with respect to his present imprisonment indicating to the jury that he is there upon a plea of guilty on a charge of attempted breaking and entering, and then allow me to argue with respect to that  that is to the jury  that while he pleaded guilty to an offense for which he recognizes guilt, he is not pleading guilty to this because he is not guilty. He would like it handled in that fashion, together with whatever protective charge your Honor can provide that the jurors are not to take into consideration in their deliberation in this case his confinement in State's prison.
*93 THE COURT: Is that what you want, Mr. Sykes?
DEFENDANT SYKES: Yes, sir.
THE COURT: You have talked it over with your counsel?
DEFENDANT SYKES: Yes, sir.

* * * * * * * *
THE COURT: Is that what you want, Mr. Sykes?
DEFENDANT SYKES: Yes, sir, your Honor.
THE COURT: I will permit it and I will also instruct the jury that the defendant under these circumstances has been here with guards from State's Prison and they must have observed this because those guards have been in the room with State Prison on their shoulder tabs. Whether the jury observed it or not, I do not know, but I will so instruct the jury that they are State Prison guards here now.

* * * * * * * *
THE COURT: I will tell the jury the fact that he has been here under escort of the State Prison's officers, or guards, is not to be considered by them and must be disregarded by them, and it has nothing to do with the present guilt or innocence."
When the jury was recalled the court immediately charged as follows:
"You may or may not have observed, I do not know, but you may have observed that the defendant has been in custody here to the extent that he was brought here, of course, by State Prison guards. When this trial is over he will be taken back by them.
The mere fact that he is presently in custody does not prove nor tend to prove in any degree that he is guilty of the crime now charged against him. I tell you that so that you will not be in any way, shape, or form prejudiced by the fact that the defendant is presently in custody. You are to disregard the fact that he is presently in custody. You are to put it out of your mind in considering this particular charge."
In response to the court's question as to whether or not defendant's attorney desired him to say anything further on the subject, the attorney replied, "No, your Honor. I think the court has adequately charged it."
Again, in the main charge the court admonished the jury that "the fact that defendant is presently under sentence in New Jersey State Prison and is serving that sentence is not any proof whatsoever that he committed the crime or crimes with which he is charged and the fact that he is in State's Prison is not to be considered by you."
*94 In furtherance of his argument that he was prejudiced by having been seen by the jury while handcuffed, defendant places reliance upon State v. Roberts, supra. That case is inapposite. In Roberts the defendant's conviction was reversed because he was obliged to stand trial with his feet and hands shackled. Basically, the reason for the determination was that that unorthodox procedure, cf. State v. Roscus, 16 N.J. 415, 428 (1954), should not be sanctioned by the trial court unless the latter, after a hearing out of the presence of the jury, determines that it is necessary for security purposes, or without a hearing decides that it is required in order to prevent defendant's conduct from completely disturbing the orderly process of the trial. See State v. Roberts, supra, 86 N.J. Super., at pp. 165-167. Here, it is not suggested that defendant was manacled at any time during the trial itself. The handcuffing took place outside the courtroom and was designed to prevent defendant, who was in custody, from attempting to escape while passing through the public corridors. In these circumstances we think the defendant was, at the very least, required to show prejudice. We find no such showing and therefore dismiss the point.
Defendant's second argument is that the court should have sua sponte directed a mistrial because (he contends) it is doubtful that cautionary instructions, however given, would alleviate the prejudice inhering in defendant's appearance before members of the jury, handcuffed. We find the point to be without substance. As noted above, the court expressly asked defendant's attorney if he wished to move for a mistrial. Whether or not the court would have granted a mistrial had one been requested, we cannot know. The simple fact is that the attorney, after consultation with his client, requested as an alternative that defendant be permitted to take the stand and that the court give suitable cautionary instructions. Defendant personally affirmed that this was what he wished done. He was permitted to take the stand and testify without interruption. Cautionary instructions were given which were expressly accepted as satisfactory by defendant's attorney at *95 one stage, and not objected to at another. We think the trial court carefully and with the utmost fairness followed the course which defendant chose of his own volition. A defendant cannot request the trial court to take a course of action, and upon adoption by the court take his chance on the outcome of the trial, and, if unfavorable, then condemn the very procedure which he urged, claiming it to be error and prejudicial. State v. Pontery, 19 N.J. 457, 471 (1955).
Affirmed.