236 N.J. Super. 550 (1989)
566 A.2d 557
RUTH ANN LEAR, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF PISCATAWAY, COUNTY OF MIDDLESEX, EDWARD SLOVER, ALICE TOWNSEND AND JOHN DOE, RICHARD DOE BEING FICTITIOUS PERSONS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1989.
Decided November 28, 1989.
*551 Before Judges ANTELL, BILDER and STEIN.
Steven Wise argued the cause for appellant (Kaplowitz and Wise, attorneys; Steven Wise, on the brief).
William J. Schmidt argued the cause for respondents Township of Piscataway, Edward Slover and Alice Townsend (White and Williams, attorneys; John S. Anooshian and William J. Schmidt, on the brief).
Joseph A. Gallo argued the cause for respondent Middlesex County (Wilson, Elser, Moskowitz, Edelman & Dicker, attorneys; James Crawford Orr, of counsel; Joseph A. Gallo, on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
Plaintiff was arrested by Union Township Police on December 20, 1985, on a warrant arising out of a child custody dispute with her husband, issued in the Township of Piscataway. This suit is based on the fact that during successive *552 transports by the Piscataway Police and the Middlesex County Sheriff's Department she was restrained by leg shackles. According to her deposition, she told one of the arresting police officers, defendant Alice Townsend, that she had a "physical problem" with one leg. This complaint was at no time repeated either to the Piscataway Police or to anyone else during her transportation to the correction facility where she was detained. Although she did not experience any pain during the arrest, she claims she later developed tendonitis in her left leg as a result of the shackling. Thus, she sues the arresting officers, the Township of Piscataway and the County of Middlesex for personal injury. She grounds her claim for relief in alleged constitutional violations pursuant to 42 U.S.C.A. § 1983 and pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:3-1(a) and N.J.S.A. 59:2-2(a). This appeal is taken from summary judgments in favor of all defendants dated June 14, 1988, and January 23, 1989. The import of the trial court's finding was that, on the undisputed facts, placing leg shackles on the plaintiff was reasonably related to a legitimate governmental function and that excessive force was not used in carrying out the arrest. We agree and affirm.
The summary judgment procedure "is designed to provide a prompt, businesslike and inexpensive method of disposing of any cause which a discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial." Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74 (1954) (citation omitted). Where there is no genuine issue of fact and the movant is entitled to judgment as a matter of law, the procedure is properly invoked. United Advertising Corp. v. Metuchen, 35 N.J. 193, 196 (1961).
Plaintiff's claim of a constitutional deprivation under 42 U.S.C.A. § 1983 relies upon an asserted violation of the Eighth Amendment to the Constitution of the United States, prohibiting cruel and unusual punishment. It has been held, however, *553 that the constitutional protection against cruel and unusual punishment is not applicable to pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Such claims must be analyzed in terms of due process. Id., 441 U.S. at 535, 99 S.Ct. at 1872, 60 L.Ed.2d at 466. "Due process requires that a pretrial detainee not be punished." Id. 441 U.S. at 535, n. 16, 99 S.Ct. at 1872, n. 16, 60 L.Ed.2d at 466, n. 16. The Eighth Amendment guaranty applies only after a "formal adjudication of guilt in accordance with due process of law." Ibid., fn. 16.
The test applied in § 1983 cases is that of "the objective reasonableness" of an official's conduct. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982). "Objective reasonableness" is also the standard under the Fourth Amendment to the Constitution of the United States where a claim arises from the seizure of one's person. Graham v. Connor, ___ U.S. ___, ___, 109 S.Ct. 1865, 1868, 104 L.Ed.2d 443 (1989). We are required to "`balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1, 7 (1985) (quoting United States v. Place, 462 U.S. 696, 703, 103 S.Ct. 2637, 2642, 77 L.Ed.2d 110 (1983) (citations omitted)).
Stated differently, a determination must be made as to whether a reasonable relationship exists between the physical restrictions imposed during pretrial detention and the fulfillment of a legitimate governmental function. Bell v. Wolfish, 441 U.S. at 538, 99 S.Ct. at 1873, 60 L.Ed.2d at 468. The same standard has been held applicable in New Jersey in determining questions of good faith arising under the New Jersey Tort Claims Act, N.J.S.A. 59:3-3. Hayes v. Mercer County, 217 N.J. Super. 614, 621-622 (App.Div. 1987), certif. den. 108 N.J. 643 (1987). As the Supreme Court pointed out in Kirk v. City of Newark, 109 N.J. 173, 187 (1988), the question of "objective reasonableness" *554 ordinarily arises on a motion for summary judgment.
N.J.S.A. 59:3-3 specifically provides that a public employee "is not liable if he acts in good faith in the execution or enforcement of any law." The officers here were acting under the auspices of a lawfully issued warrant. While, for purposes of security, opinions may differ as to the necessity for the leg shackles, nothing in the circumstances presented takes this precaution outside the broad range of reasonableness. It has been held, after all, that the use of shackles while transporting a prisoner is within the sound discretion of a custodial officer to prevent escape and protect the public safety. State v. Jones, 130 N.J. Super. 596, 599-600 (Law Div. 1974). Before the shackles were applied, plaintiff informed her custodians only of the fact that she had a "problem" with her leg. No further details were furnished, the statement was at no time repeated during the period of her arrest or detention and plaintiff does not allege that the restraints were applied maliciously or so as to inflict pain. We conclude that the conduct of the arresting officers was objectively reasonable both within the sense of 42 U.S.C.A. § 1983 and under the New Jersey Tort Claims Act.
Plaintiff further protests that she was not given an opportunity to provide the court with a report of Henry Branche, a purported expert in police practices, in support of her claim. We have read the Branche report. It merely sets forth the the contents of various ordinances concerning the use of restraining devices and concludes with Mr. Branche's opinion that the use of leg shackles in this case constituted cruel and unusual punishment within the meaning of the Eighth Amendment to the Constitution of the United States. The proffered conclusion implicates a question of constitutional law and clearly falls outside the area of Mr. Branche's expertise.
Affirmed.