286 N.J. Super. 492 (1996)
669 A.2d 860
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES L. DAMON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 1995.
Decided January 25, 1996.
*494 Before Judges ARNOLD M. STEIN and CUFF.
Susan L. Reisner, Public Defender, attorney for appellant (Timothy F. Mulligan, Designated Counsel, on the brief).
Joseph F. Audino, Special Deputy Attorney General, Acting Camden County Prosecutor, attorney for respondent (Roseann A. Finn, Special Deputy Attorney General, Acting Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
We reverse petitioner's denial of his post-conviction relief application because the trial judge permitted petitioner to be shackled in the presence of the jury.
According to the evidence produced at trial, petitioner, Reginald Ross and Michael Streater, driving in a stolen beige car, robbed and severely assaulted three individuals. Two of the victims were stabbed. One of the victims identified petitioner as the person who stabbed him twice and severely beat him. A friend of one victim identified petitioner at trial as the individual driving the car.
Petitioner did not testify at trial. He offered the testimony of Streater, who admitted participating in the attacks but insisted *495 that petitioner was not there that night and that the third assailant was a cousin of Ross. On rebuttal, the State presented Ross as a witness, who testified that petitioner was the third assailant.
Petitioner was found guilty of three counts of first degree robbery, three counts of aggravated assault and two counts of aggravated assault with a deadly weapon. After merging several of the convictions, the judge sentenced petitioner to a sixty-year prison term with a thirty-year parole ineligibility period. A total VCCB penalty of $1,500 was imposed. We affirmed the judgment of conviction with the exception of the sentence. We remanded the matter to the trial judge for resentencing pursuant to the guidelines in State v. Yarbough, 100 N.J. 627, 644, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), now superseded by statute, N.J.S.A. 2C:44-5, L. 1993, c. 223, ¶ 1, eff. Aug. 5, 1993, and instructed the trial judge that the sentence not exceed an aggregate prison term of forty years with a twenty-year parole ineligibility period. State v. Damon, No. A-9438-87 (App.Div. June 26, 1990). On remand, the trial judge resentenced petitioner to a forty-year prison term with a twenty-year parole ineligibility period. We affirmed the sentence. State v. Damon, No. A-2629-90 (App.Div. Dec. 17, 1991), certif. denied, 127 N.J. 564, 606 A.2d 375 (1992).
Petitioner raises the following contentions in his brief on appeal:
I. THE COURT BELOW ERRED BY FAILING TO FIND THAT PETITIONER WAS DENIED A FAIR TRIAL, UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION, WHEN THE TRIAL COURT FORCED PETITIONER TO STAND TRIAL IN RESTRAINTS.
A. The Court Below Erred When it Denied the Petition for Post-Conviction Relief on Procedural Grounds.
B. The Court Below Erred When it Found that Petitioner Had Not Been Deprived of a Fair Trial Despite the Fact that He Was restrained Throughout His Trial Without Sufficient Cause.
II. THE COURT BELOW ERRED BY FAILING TO FIND THAT PETITIONER WAS DEPRIVED OF DUE PROCESS OF LAW WHEN THE TRIAL COURT EXCLUDED HIM FROM A JUROR INTERROGATION CRITICAL TO HIS TRIAL.

*496 A. The Court Below Erred When it Denied the Petition for Post-Conviction Relief on Procedural Grounds.
B. The Court Below Erred When it Found that Petitioner Had Not Been Deprived of Due Process Despite the Fact that He Was Not Present at a Proceeding at Which He Could Have Assisted.
III. PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND THE COURT BELOW ERRED BY FAILING TO GRANT THE PETITION ON THIS BASIS.
A. Trial Counsel Committed a Series of Errors So Serious That He Was Not Functioning as the "Counsel" Guaranteed by the Sixth Amendment.
B. Trial Counsel's Errors Prejudiced Petitioner.
Points II and III are clearly without merit. R. 2:11-3(e)(2).
By the time petitioner's post-conviction relief application was heard, the trial judge had retired and the matter was heard by a different judge, who concluded that petitioner was procedurally barred from seeking post-conviction relief because the claims raised by him could have been raised in a prior proceeding. We disagree.
A petition for post-conviction relief is not a substitute for direct appeal. R. 3:22-3. Petitioner is procedurally barred from raising grounds for relief if he could have, but did not raise the grounds in his direct appeal unless: (a) the ground for relief could not reasonably have been asserted in the prior proceeding; (b) enforcement of the procedural bar would result in "fundamental injustice"; or (c) denial of relief would result in a constitutional violation. R. 3:22-4. Petitioner meets the exception requirements of R. 3:22-4(c) because he was denied a fair trial in violation of the due process provisions of our federal and state constitutions. U.S. Const. amend. XIV; N.J. Const. art. I, ¶ 10. We will not deprive petitioner of an opportunity to raise this question of constitutional dimension because of the inattention of his appellate counsel, who should have raised the matter on direct appeal. State v. Preciose, 129 N.J. 451, 477, 609 A.2d 1280 (1992).
It is difficult to determine from the record what restraints petitioner actually wore in the presence of the jury and for how many trial days he wore them. There is nothing in the trial *497 transcript indicating whether petitioner wore restraints during the first two days of his three-day trial. Restraints are first mentioned on the third day. Before the jury entered the courtroom, defense counsel requested that petitioner's restraints be removed. The trial judge allowed the ankle shackles to be removed but ordered that the handcuffs remain. In his post-conviction relief petition and his post-conviction relief hearing testimony, petitioner claimed he wore ankle shackles throughout the whole trial but did not wear handcuffs in the jury's presence. The motion judge's letter opinion denying post-conviction relief does not indicate what kind of restraints petitioner wore at trial nor for how long he wore them. In his brief on appeal, petitioner asserts for the first time that he was "bound hand and foot during two-thirds of his trial, and hand-cuffed for the last third...."
On the last day of trial, the following colloquy took place outside the presence of the jury:
[DEFENSE COUNSEL]: Your Honor, I would like to have the handcuffs taken off.
THE COURT: May I ask why?

[DEFENSE COUNSEL]: It would be more beneficial, obviously not to have him come in shackles, handcuffs and leg chains.
THE COURT: The leg chains can come off. I don't have any problem with the leg chains, but with reference to the cuffs in the matter, there's two reasons. Number one, we are a little bit short here today. We are short one Sheriff's Officer. I can have one Sheriff's Officer at one door and one at the other door. And we do have Corrections Officer for the rear door, as far as it's concerned. But under the circumstances that we have, the jury is going to definitely know that he is incarcerated, that he is in jail. And, under the circumstances, as I said, if he has got shackles on, we will take the shackles off. But the cuffs, I believe, we should leave on at this time.
[Emphasis added.]
It was inexcusable for the trial judge to require petitioner to remain handcuffed in the presence of the jury merely because there was a shortage of courtroom security personnel. A trial judge should not surrender the control of his or her courtroom to a claimed need for courtroom security at the sacrifice of petitioner's right to a fair trial. Security measures should have been *498 established which would have permitted petitioner to appear in the presence of the jury without handcuffs.
Nor was this shackling justified because the jury would later hear testimony that defendant was incarcerated. The fact of his incarceration did not imply that he was violent and had to be restrained in the jury's presence. Moreover, after Streater testified he had frequently spoken with petitioner while in prison, the judge instructed the jury that "there is no testimony before you that this defendant has committed any other offenses or was incarcerated ... and you're not going to take into consideration the fact that the alleged conversation took place at Yardville," and struck from the record the testimony regarding where the conversation took place. It was inconsistent for the trial judge to deem petitioner's restraints not prejudicial because the jury "knew" he was imprisoned anyway, while instructing the jury to disregard any testimony indicating his incarceration.
It makes no difference whether the jury saw petitioner in shackles on one, two or all three days of the trial. Indeed, if he was unshackled in their presence during the first two days of trial but was handcuffed on the last day, the jury could understandably conclude that petitioner had committed some act which demonstrated him to be either violent or at least potentially violent.
A defendant's freedom from handcuffs or shackles is important to his right to a fair and impartial trial. State v. Jones, 130 N.J. Super. 596, 599, 328 A.2d 41 (Law Div. 1974).
Not only is it possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold.
[Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353, 359 (1970).]
One of the reasons for not keeping a defendant restrained is "to avoid a prejudice in the mind of the jury against the accused as being a dangerous man...." State v. Jones, supra, 130 N.J. Super. at 599, 328 A.2d 41.
*499 The trial judge's discretion to keep a defendant restrained is "sharply limited." State v. Roberts, 86 N.J. Super. 159, 164, 206 A.2d 200 (App.Div. 1965). There must be "sound reason" for the exercise of this discretion and a "strong case of necessity." Ibid. The judge must hold a hearing, however informal, and state on the record out of the jury's presence his or her reasons for shackling the defendant, whether they are based on evidence from trial, information obtained from criminal records, or statements made by law enforcement officers. Id. at 166-67, 206 A.2d 200. Additionally, "[i]n any case where the trial judge, in the exercise of sound discretion determines that the defendant must be handcuffed or shackled, it is of the essence that he instruct the jury in the clearest and most emphatic terms that it give such restraint no consideration whatever in assessing the proofs and determining guilt." Id. at 168, 206 A.2d 200 (emphasis added).
This case does not involve a matter of inadvertence easily correctable by a cautionary instruction. State v. Sykes, 93 N.J. Super. 90, 94-95, 225 A.2d 16 (App.Div. 1966) (defendant was not denied a fair trial where the judge gave a cautionary instruction to the jury after the jurors saw petitioner in handcuffs in the public corridors on the courthouse). Here, the display of petitioner in handcuffs in the jury's presence was not inadvertent, and no cautionary instruction was given to the jury to give such restraint no consideration during its deliberations.
Petitioner has established his right to post-conviction relief, a new trial, by a preponderance of credible evidence. State v. Preciose, supra, 129 N.J. at 459, 609 A.2d 1280. We reject the State's claim that the abundance of evidence against petitioner brings into play the harmless error doctrine. R. 2:10-2. Petitioner's identification was clearly in dispute, and the codefendant exculpated him of the commission of the crime. The violation here is of such magnitude and so prejudicial that a new trial is required. Estelle v. Williams, 425 U.S. 501, 512-13, 96 S.Ct. 1691, *500 1697, 48 L.Ed.2d 126, 135 (1976); State v. Roberts, supra, 86 N.J. Super. at 168, 206 A.2d 200.
Reversed and remanded for a new trial.