787 A.2d 276 (2002)
346 N.J. Super. 233
STATE of New Jersey, Plaintiff-Respondent,
v.
Forrest SMITH, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 4, 2001.
Decided January 3, 2002.
*277 Peter A. Garcia, Acting Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).
John J. Farmer, Jr., Attorney General, attorney for respondent (Jeanne Screen, Deputy Attorney General, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and LESEMANN.
The opinion of the court was delivered by CIANCIA, J.A.D.
Following a jury trial, defendant Forrest Smith was found guilty of third-degree possession of cocaine, N.J.S.A. 2C:35-10a(1); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5b(3); and second-degree possession of cocaine with intent to distribute within 500 feet of a public housing facility, N.J.S.A. 2C:35-7.1. For sentencing purposes, the two third-degree offenses merged into the second-degree offense. Defendant was sentenced to a ten-year term and appropriate fees and penalties were imposed.
On appeal, defendant raises the following issues:
POINT I IT WAS ERROR FOR THE COURT TO CONDUCT THE TRIAL IN DEFENDANT'S ABSENCE.
POINT II TESTIMONY OF POLICE OFFICER RAMOS AND INVESTIGATOR NICHOLAS WAS IMPROPER AND DEPRIVED THE DEFENDANT OF A FAIR TRIAL.
POINT III IT WAS ERROR FOR THE COURT TO COMPEL THE ONLY DEFENSE WITNESS, KIM HOUSTON TO TESTIFY IN HANDCUFFS[.] (Not raised below)
POINT IV IT WAS ERROR FOR THE COURT TO REFUSE DEFENDANT'S *278 REQUEST TO INSTRUCT THE JURY REGARDING PRIOR INCONSISTENT STATEMENTS OF A WITNESS.
POINT V THE DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO MOVE FOR A NEW TRIAL PURSUANT TO R. 3:20-2. (Not raised below)
POINT VI THE SENTENCE IMPOSED UPON THE DEFENDANT WAS EXCESSIVE AND SHOULD BE REDUCED. (Not raised below)
The first issue raised is meritorious and requires reversal of defendant's conviction. Defendant's trial was originally scheduled to begin on January 25, 2000. Defendant was aware of that and had apparently received appropriate notice. See State v. Hudson, 119 N.J. 165, 574 A.2d 434 (1990). He had not, however, been told what would occur in the event of an adjournment or cancellation. As it turned out, the courts were closed on January 25 because of a snow storm.
On the morning of January 26, defendant was not in court and the trial judge decided to go forward without him. The judge acknowledged that defendant had no actual notice that a trial postponed from the 25th would begin on the 26th, but she believed defendant should have assumed that or, at least, should have inquired about how the court planned to proceed. Defense counsel had not attempted to reach defendant because, based on what she knew of the judge's schedule, she thought the trial would not start on the 26th. She also said that typically it took her about twenty-four hours to get in touch with the defendant. The judge's staff attempted to locate defendant, but to no avail. Over the objection of defense counsel, jury selection began without the defendant being present.
After most of the jurors had been selected, defense counsel told the court at sidebar that she had been able to contact defendant and he would be in court at around 1:30 p.m., the end of the court's lunch break. Jury selection continued and was completed without defendant being present. He apparently arrived just as opening statements began, although the precise time of his arrival is not indicated in the record. The record also does not reflect any inquiry by the trial judge as to what defendant knew or assumed concerning a postponed or canceled start of trial or, indeed, why he was not present earlier on the 26th.
The law in this area was recently set forth by Justice LaVecchia in State v. Whaley, 168 N.J. 94, 99-100, 773 A.2d 61 (2001):
The United States and New Jersey Constitutions guarantee criminal defendants the right to confront witnesses against them. U.S. Const. amend. VI; N.J. Const. art. 1, § 10. An essential element of that guarantee is the right of the accused to be present in the courtroom at every stage of the trial. Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, 356 (1970) (citing Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)); State v. Hudson, 119 N.J. 165, 171, 574 A.2d 434 (1990); State v. Smith, 29 N.J. 561, 578, 150 A.2d 769, cert. denied, 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103 (1959). A criminal defendant's right to be present at trial also is a condition of the Due Process Clause of the Fourteenth Amendment to the extent that a defendant's absence would hinder a fair and just hearing. Hudson, supra, 119 N.J. at 171, 574 A.2d 434 (citing Snyder v. Massachusetts, 291 U.S. 97, 107-08, 54 S.Ct. 330, 333, 78 L.Ed. 674, 679 (1934), overruled on other grounds, *279 Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)).
We have held, consistent with the federal courts, that the right to be present at trial includes the right to be present during the impaneling of the jury. State v. Dishon, 297 N.J.Super. 254, 687 A.2d 1074 (App. Div.), certif. denied, 149 N.J. 144, 693 A.2d 112 (1997); accord State v. Lomax, 311 N.J.Super. 48, 709 A.2d 277 (App.Div.1998) (defendant had right to be present when trial judge interviewed prospective jurors at sidebar).
Rule 3:16 reflects the principles established in our case law. It states in part:
The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by Rule. Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found either from (a) the defendant's express written or oral waiver placed on the record, or (b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after (1) the defendant has received actual notice in court of the trial date, or (2) trial has commenced in defendant's presence.

[R. 3:16(b).]
In Whaley, the Court said that R. 3:16(b), applied literally, requires in-court notification to defendant of the trial date to ensure actual notice before an inference may be drawn that there has been a knowing waiver. Whaley, supra, 168 N.J. at 102, 773 A.2d 61. Here, there was no actual notice and no basis in our view to proceed with jury selection without the defendant. Moreover, there can be no credible argument for a finding of waiver. In addition to having no actual notice of the trial date, no inquiry was made as to why defendant was not timely present. State v. Davis, 281 N.J.Super. 410, 416, 658 A.2d 303 (App.Div.1995), certif. denied, 145 N.J. 376, 678 A.2d 716 (1996) (stating that the "trial judge should attempt to learn where the defendant is and why he is absent and make appropriate factual findings"). Contrary to the trial court's statements, defendant's constitutional right to be present during trial is not governed by a reasonable-person standard. As the Court said in Hudson, supra, 119 N.J. at 182, 574 A.2d 434, and repeated in Whaley, supra, 168 N.J. at 101, 773 A.2d 61, "[a]dequate notice to the defendant is an essential element of a knowing waiver of the right to attend trial."
In State v. Sellars, 331 N.J.Super. 110, 121-122, 751 A.2d 151 (App.Div.2000), we stated:
The right to be present should not be impaired as a form of punishment for disruption of the court's calendar or in the interest of moving old cases. Implementation of R. 3:16(b) must be done carefully, in strict adherence to its terms and with sensitivity to the importance of the right being denied.
These comments were noted with approval in Whaley, supra, 168 N.J. at 104, 773 A.2d 61. In our view, the absence of actual notice to defendant is conclusive and the judgment of conviction must be reversed.
Defendant's contention that it was error for the court to allow a defense witness to testify in handcuffs is also meritorious. The State's case was essentially that police officers had witnessed a hand-to-hand drug transaction with defendant as the seller. Just prior to defendant's arrest at the scene, he allegedly discarded a bag of drugs, but when searched he had no money on his person except some small change. At trial, defendant testified that *280 he and his girlfriend, Kim Houston, had been in the neighborhood only to visit defendant's childhood friend. Houston was the only other defense witness. Essentially, she attempted to corroborate defendant's testimony, although she was not in the immediate vicinity when the alleged drug sale occurred.
The problem is that Houston testified in handcuffs. The only explanation to the jury came in response to defense counsel's request that Houston explain why she was "incarcerated in the Camden County Correctional Facility." Houston responded, "[c]hild support. I was just released." She then added, "I went to court just before I came here." There was no intervention, inquiry or cautionary instruction from the trial judge. There can be no doubt of the potential prejudice to a defendant when the only witness besides himself takes the stand in handcuffs and acknowledges a charge against her concerning "child support." The jury may even have assumed some sort of criminal conviction. Before Houston ever gave any substantive testimony, her credibility was improperly impugned.
The law on defendants being shackled in court is well-settled. State v. Damon, 286 N.J.Super. 492, 669 A.2d 860 (App.Div.1996); State v. Roberts, 86 N.J.Super. 159, 206 A.2d 200 (App.Div. 1965). As a general rule, a defendant in a criminal case has the right to appear before the jury free from shackles or other physical restraints. Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353, 359 (1970). "A defendant's freedom from handcuffs or shackles is important to his right to a fair and impartial trial." Damon, supra, 286 N.J.Super. at 498, 669 A.2d 860 (citing State v. Jones, 130 N.J.Super. 596, 599, 328 A.2d 41 (Law Div.1974)).
While shackling a defense witness is not the exact equivalent of shackling the defendant, in some circumstances, such as those presented here, the resulting prejudice can be equally detrimental. We have found no case law in New Jersey dealing with a shackled witness. The State in its brief candidly acknowledges that there are federal decisions holding that the prohibition on the use of physical restraints applies to defense witnesses as well as defendants. Thus, in Harrell v. Israel, 672 F.2d 632 (7th Cir.1982), the Court held, "[c]oncomitant to the defendant's right to appear before the jury without physical restraints is his right to have his witness appear that way also." Id. at 635. And while the Seventh Circuit acknowledged that shackling defense witnesses may be less prejudicial to the accused than shackling defendants, because it does not directly affect a presumption of innocence, it nevertheless has the potential to harm the defendant by detracting from the witness's credibility. Ibid. While there is some debate among the cases as to whether a due process consideration is involved when a witness is shackled, there is agreement regarding the potential prejudice inherent in such an appearance. United States v. Adams, 1 F.3d 1566, 1584 (11th Cir.1993), cert. denied, 510 U.S. 1198, 114 S.Ct. 1310, 127 L.Ed.2d 660, and cert. denied, 510 U.S. 1206, 114 S.Ct. 1330, 127 L.Ed.2d 677 (1994); Woods v. Thieret, 5 F.3d 244, 246-247 (7th Cir.1993); United States v. Carter, 522 F.2d 666, 677 (D.C.Cir.1975); People v. Ceniceros, 26 Cal.App.4th 266, 275-278, 31 Cal.Rptr.2d 303, 309-310 (1994); State ex rel. McMannis v. Mohn, 163 W.Va. 129, 254 S.E.2d 805, 811 (1979), cert. denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983).
In addition, the American Bar Association (ABA) has promulgated the following standards:
(b) The court should not permit a defendant or witness to appear at trial in the *281 distinctive attire of a prisoner, unless waived by defendant.
(c) No defendant should be removed from the courtroom, nor should defendants and witnesses be subject to physical restraint while in court unless the court has found such restraint necessary to maintain order.
(d) ... Whenever physical restraint or removal of a defendant or witness occurs in the presence of jurors trying the case, the court should instruct those jurors that such restraint or removal is not to be considered in assessing the proof and determining guilt.
[Control, Restraint or Removal of Defendants and Witnesses, A.B.A. Standards for Criminal Justice 15-3.2 (3d ed.1996) (emphasis added).]
See also State v. Jones, supra, 130 N.J.Super. at 600, 328 A.2d 41 (citing tentative draft of this ABA standard for guidance, Custody and Restraint of Defendants and Witnesses, A.B.A. Projection Standards for Criminal Justice 4.1 (tentative draft 1968)); State v. Jamaal W., 209 W.Va. 1, 6, 543 S.E.2d 282, 287 (2000) (citing earlier version of this ABA standard, Standard 15-3.1 (2d ed.1986)).
A trial court certainly has discretion to require or allow a defendant or witness to be shackled, but that determination must be made by balancing the need for courtroom security against the potential prejudice of the restraints. In Damon, supra, 286 N.J.Super. at 499, 669 A.2d 860, we stated:
The trial judge's discretion to keep a defendant restrained is "sharply limited." State v. Roberts, 86 N.J.Super. 159, 164, 206 A.2d 200 (App.Div.1965). There must be "sound reason" for the exercise of this discretion and a "strong case of necessity." Ibid. The judge must hold a hearing, however informal, and state on the record out of the jury's presence his or her reasons for shackling the defendant, whether they are based on evidence from trial, information obtained from criminal records, or statements made by law enforcement officers. Id. at 166-67, 206 A.2d 200. Additionally, "[i]n any case where the trial judge, in the exercise of sound discretion determines that the defendant must be handcuffed or shackled, it is of the essence that he instruct the jury in the clearest and most emphatic terms that it give such restraint no consideration whatever in assessing the proofs and determining guilt." Id. at 168, 206 A.2d 200 (emphasis added).
See also United States v. Theriault, 531 F.2d 281, 285 (5th Cir.), cert. denied, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976); Harrell, supra, 672 F.2d at 636, n. 4.
In our view, a similar procedure should be used when the prospect arises that a defense witness will appear before the jury in physical restraints. We can hypothesize circumstances where the defense witness is so peripheral to the defense that giving testimony while handcuffed would not constitute reversible error. See Adams, supra, 1 F.3d at 1584; United States v. Esquer, 459 F.2d 431, 433 (7th Cir.1972), cert. denied, 414 U.S. 1006, 94 S.Ct. 366, 38 L.Ed.2d 243 (1973). However, such is not the situation in the present case. Here, defendant's only defense was that he was in the neighborhood for an innocent purpose. His only corroborating witness was his girlfriend. Although defense counsel did not object to the witness testifying in restraints, we find the potential prejudice to defendant so great that the trial court, absent a record demonstrating a threat of violence or other exceptional circumstances, should have sua sponte had the restraints removed. At the very least, the jury should have been *282 instructed that such restraints have no bearing on the witness's credibility or the determination of defendant's guilt. See People v. Duran, 16 Cal.3d 282, 291-292, 127 Cal.Rptr. 618, 545 P.2d 1322, 1328 (1976). The improper impairment of the witness's credibility by allowing her to testify in handcuffs constitutes reversible error.
The issues raised by defendant's contentions that police officers improperly gave expert testimony and that the court erroneously refused to give a jury instruction concerning prior inconsistent statements of a witness, do not have sufficient merit to rise to the level of reversible error.
In light of our disposition, we do not reach defendant's contentions that he was denied effective assistance of counsel because of a failure to move for a new trial or that his sentence was excessive.
The judgment of conviction is reversed.