RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3317-14T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

OSVALDO RIVERA, JR.,

 Defendant-Appellant.
__________________________

 Submitted September 20, 2017 – Decided September 29, 2017

 Before Judges Fuentes and Koblitz.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Indictment No.
 13-09-2652.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Peter T. Blum, Assistant Deputy
 Public Defender, of counsel and on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Sara M. Quigley,
 Deputy Attorney General, of counsel and on the
 brief).

PER CURIAM

 A jury convicted defendant Osvaldo Rivera of eleven counts

including first-degree murder, N.J.S.A. 2C:11-3, and first-degree
attempted murder, N.J.S.A. 2C:11-3 and 2C:5-1(a), in the sexual

assault and stabbing of defendant's neighbor, a twelve-year-old

girl, and the stabbing death of her six-year-old brother, who

tried to rescue his sister. Defendant raised the partial defense

of intoxication. We affirm.

 We need not recite the details of the vicious assaults, which

occurred in the victims' home when defendant entered

surreptitiously at night and assaulted the two children, cutting

both of them in the neck and other places with a knife after

sexually assaulting the girl numerous times. Multiple DNA samples

linked defendant to the crimes. The victim who survived also

recognized defendant and identified him in court at trial. The

judge imposed sentences requiring an aggregate mandatory minimum

term of eighty-two and one-half years.

 Acknowledging the crimes were "horrific," defendant raises

only the following issue on appeal:

 POINT I: A NEW TRIAL SHOULD OCCUR BECAUSE THE
 COURT IMPROPERLY INVITED THE JURORS TO
 CONSIDER POTENTIAL PUNISHMENT BY INFORMING
 THEM OF THE DEGREES OF THE OFFENSES AND
 INFORMING THEM THAT THE [SIC] SOME CHARGES
 WERE "LESSER" OFFENSE. U.S. CONST. AMEND.
 XIV; N.J. CONST. ART. I, PARA. 1.

 On the last occasion when counsel discussed the jury charge

with the judge, defense counsel asked that the degrees of the

crime be provided to the jury. The judge complied with the defense

 2 A-3317-14T4
request to include the degrees of the crimes although initially

the State held a contrary view. Thus, any defense objection to

the inclusion of degrees constitutes invited error. "A [party]

cannot request the trial court to take a course of action, and

upon adoption by the court take his chance on the outcome of the

trial, and, if unfavorable, then condemn the very procedure which

he urged, claiming it to be error and prejudicial." State v.

Sykes, 93 N.J. Super. 90, 95 (App. Div. 1966). Like judicial

estoppel, the doctrine of invited error "is designed to prevent

[a party] from manipulating the system." State v. Jenkins, 178

N.J. 347, 359 (2004).

 Defense counsel did request the trial judge to leave out the

word "lesser" when explaining the possible charges to the jury.

When denying the defense request, the judge noted that "lesser-

included" is used in the model jury charges.

 Defense counsel then argued to the jury in summation that

defendant should be convicted of the charge of aggravated

manslaughter rather than murder because, based on defendant's

intoxication at the time of the crimes, he had not acted

purposefully or knowingly. See State v. Cameron, 104 N.J. 42, 54-

56 (1986) (holding that voluntary intoxication only operates as a

defense to a purposeful or knowing offense where the intoxication

is of such "an extremely high level" that it causes a "prostration

 3 A-3317-14T4
of faculties" making the requisite mental state for the offense

"totally lacking") (internal citations omitted). She also argued

that he should be convicted only of the crime of sexual assault

rather than aggravated sexual assault based on the forensic

evidence.

 On appeal defendant argues that the jury should not be

informed of which charges were more serious because the jury should

not be involved in the penalty phase of the trial. See State v

Short, 131 N.J. 47, 59-60 (stating that jurors should not be

informed of potential sentences.) He argues that the jury might

have been so inflamed by the nature of the criminal behavior that

it neglected its duty to follow the instructions and chose to

convict defendant of the more serious charges for that reason

only. Defendant did not support his argument regarding the use

of the word "lesser" in the jury charge with any case law directly

on point from any jurisdiction. The wording is contained in the

model jury charges. Model Jury Charge (Criminal), "Lesser[-]

Included Offenses" (2002). The issue raised by defendant is

without sufficient merit to require further discussion in a written

opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 4 A-3317-14T4