(No. 36082.—▮▮▮▮▮▮▮▮▮▮)

The People of the State of Illinois, Defendant in Error, *vs.* Garland Dean Evans, Plaintiff in Error.

*Opinion filed Feb. 15, 1961.—Rehearing denied March 27, 1961.*

Summers & Watson, of Champaign, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Robert W. McDonald, State's Attorney, of Urbana, (Fred G. Leach, Assistant Attorney General, and Robert J. Waaler, Assistant State's Attorney, of counsel,) for the People.

Mr. Chief Justice Schaefer delivered the opinion of the court:

The defendant, Garland Dean Evans, was indicted upon a charge of obtaining money by means of the confidence game. A jury found him guilty, and he was sentenced to imprisonment in the penitentiary for a term of not less than seven nor more than ten years.

It is necessary to consider only one of the contentions that he raises upon this writ of error to review his conviction. He was not present during any portion of his trial, and he asserts that the trial court exceeded its power and violated his constitutional rights by proceeding with the trial in his absence. The State contends that he waived his right to be present.

The defendant was indicted on January 19, 1960. On February 2, 1960, he was presented with a copy of the indictment, and released on bail upon filing a bond in the sum of $3,000. On that date his attorney made an oral motion to quash the indictment. Pursuant to leave granted, a written motion to quash the indictment was filed on February 16. It was argued and overruled on February 23, 1960. A number of cases, including this one, were allotted for jury trial during the two-week period commencing March 28, 1960. On March 26 the names of additional witnesses were endorsed upon the indictment. The defendant's case was reached for trial on March 30. He was not present. Upon motion of his attorney the case was continued to April 4, and again to April 6. On April 6 in the absence of the defendant and over the objection of his counsel, the court entered a plea of not guilty for the defendant. A jury was selected and the trial proceeded. Defendant's attorney examined prospective jurors, cross-examined witnesses for the prosecution, tendered and objected to instructions, and argued the case to the jury, all in the absence of the defendant, and over objection. A verdict of guilty was returned on April 7, 1960.

Before the jury was selected on April 6, the court heard testimony on the motion of defendant's attorney for a further continuance because of the defendant's absence. The bondsman testified that on March 20 he had a telephone conversation with defendant, who lived in Decatur, in which he told the defendant to get in touch with his attorney and to be in Champaign, where the trial was to be held, on

March 28. Defendant's attorney testified that when the defendant called him on March 25, he told the defendant that his case was sixth or seventh from the top of the setting of cases to begin on March 28, that he was almost positive that this case would not come to trial during the week beginning Monday, March 28. In a colloquy with the court he stated that "I, by my conversation, could very well have confused this man." And when the court asked whether the defendant could have been confused "to the point where he might have thought the case would not be tried at all this setting?" the attorney answered: "That's right."

He also testified that on March 28, after he learned that the first case on the setting was not going to trial, he asked the bondsman to instruct the defendant to be in court on March 30. Subsequently a woman, who represented herself as the defendant's landlady, called him from Decatur and told him that the defendant had gone to Tulsa, Oklahoma, to work on a construction job of short duration, and that he was staying at the Y.M.C.A. there.

Further testimony was heard upon the motion for a new trial. The defendant testified that he had a chance to go to work at Tulsa, and that he went there after his conversation with his attorney on March 20. He called his attorney from Tulsa on the evening of the day that testimony at the trial was concluded, and returned to Decatur by bus a few days later.

Upon these facts, the State argues that the defendant waived his right to be present during the trial. The record does indeed show negligence on the part of the defendant and his attorney, and suggests even a disregard for the defendant's obligation to appear in court. But we need not inquire in detail into the defendant's precise state of mind. Nor can our decision be made on the basis of the State's argument that waiver is established by the simple fact of an absence for which the prosecution was not responsible.

For generations our law has shown an anxious concern

lest any semblance of trial *in absentia* be sanctioned. (Bishop on Criminal Procedure, 3rd ed. (1880) secs. 265-273; see the numerous annotations dealing with the defendant's absence at particular stages of his trial which are referred to in 68 ALR2d 638.) That concern is not satisfied by an argument that does no more than disclaim the State's responsibility for the defendant's absence. And we should not be quick to hold that the delinquencies of the defendant will work a forfeiture of a right that has been so carefully safeguarded.

The decisions relied upon by the State are concerned with situations very different from the one before us. In *People* v. *Harris,* 302 Ill. 590, 593, the court held that the "defendant voluntarily absented himself from the trial and could not claim any advantage or right under the constitutional guaranty." But there the defendant was present "at the door of the court room in the morning of the day when his counsel objected to proceeding with the trial." *People* v. *De Simone,* 9 Ill.2d 522, involved an obstreperous defendant who on some occasions during a lengthy trial refused to enter the courtroom, and on another occasion had to be removed from the courtroom because of his violent misconduct. In *People* v. *Hill,* 17 Ill.2d 112, this court for the first time sustained a conviction upon a record which failed to show that the defendant had entered a plea to the indictment. But that decision rested on the ground that the defendant's trial had been conducted throughout exactly as it would have been if the record showed a formal plea of not guilty. It did not deal with the trial of a defendant in his absence.

The judgment of the circuit court of Champaign County is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*