568 P.2d 425

**The STATE of Arizona, Appellee,**

v.

**Eddie Jackson SANCHEZ, Appellant.**

**No. 2 CA–CR 1017.**

Court of Appeals of Arizona, Division 2.

April 27, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Platt & Jenson, P. C. by Boyd T. Johnson, Coolidge, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was tried in absentia and found guilty by a jury of unlawful sale of

marijuana, for which he was sentenced to a state prison term of five to seven years. On appeal he attacks the trial court's decision to proceed in his absence, its denial of his motion for mistrial based on testimony of an unrelated marijuana transaction, and the admission of identification testimony.

The first ground is without merit. Appellant was released on his own recognizance on condition that he communicate with his attorney at least once a week. At the time of his release the scheduled trial date was May 18, 1976. On May 17 the court granted a motion for continuance filed a week earlier by appellant's attorney, although at that time there had been no communication with his client for approximately one month. On June 17, the new trial date, the attorney still had not heard from his client. The trial court determined that appellant's absence was voluntary and ordered that the case proceed to trial without him.

■■■ Appellant argues that although he was informed specifically at the release hearing that he would be tried in absentia if he willfully failed to appear on May 18, a finding of voluntary absence on June 17 was precluded by Rule 9.1, Rules of Criminal Procedure, because he never received personal notice of the continued trial date. The rule in question specifies such notice "of the time of the proceeding, . . . [defendant's] right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear" as sufficient to permit an inference that an absence is voluntary. Where a defendant apparently has made no effort to ascertain the continued date of the proceeding, however, either he has waived personal notice, if in fact such notice is required where the time of the proceeding has been deferred pursuant to motion on his behalf, or voluntariness may be inferred from his failure to communicate with the court or his attorney.

■■■ Further, any question of the accuracy of the inference or appellant's right to challenge it in the present case was dispelled at post-trial hearings. After he had been taken into custody, appellant informed the court at one such hearing that he was "home" on May 18, the originally scheduled "time of the proceeding" of which he had personal notice, and thereafter, prior to sentencing, he and his attorney were asked specifically if either had anything to say regarding the fact that he was tried in absentia, which produced the following response:

"MR. COLE: We have nothing to offer at this time, Your Honor.

"THE COURT: All right. I'll proceed then with the sentencing.

"MR. COLE: May I withdraw our comment and just say that we would like to stand mute."

Having declined the offered opportunity to present any evidence available to dispel the inference that his absence on June 17 was voluntary, appellant should not be heard on appeal to challenge the trial court's finding in that regard.

Appellant's motion for mistrial was based upon testimony of a Department of Public Safety undercover narcotics agent, while the state was attempting to establish his ability to identify appellant.

"Q. So you saw him on four or five occasions between—or after January 14th until several weeks before March 11th?

"A. That's correct.

"Q. Do you recall these other occasions that you saw Eddie, these other four or five occasions? Did you make any written or mental notes regarding characteristics of Eddie's face?

"A. At one other time when I made another purchase there and this other suspect was with me—"

The trial court agreed with appellant's trial counsel that the witness's non-responsive answer implied an unrelated purchase of contraband in appellant's presence, but denied the motion on the grounds that appellant was not identified as a party to the transaction, and admonished the jury to disregard the answer. Thereafter, however, appellant's counsel in an effort to discredit the identification on cross-exami-

nation attempted to impeach the witness with his grand jury testimony regarding not only the transaction for which appellant was being tried but also the subsequent unrelated purchase.

We agree with the trial court that the initial testimony did not warrant a mistrial. It would appear from the record that the court's admonition was sufficient to obviate any possible prejudice, until such time as appellant's counsel chose to elicit details of the other transaction. If the line of cross-examination voluntarily pursued by defense counsel created error where none otherwise existed, any such error was invited and, therefore, is not grounds for reversal. *State v. Fish*, 109 Ariz. 219, 508 P.2d 49 (1973). And by electing to introduce testimony on cross-examination that implicated him in the other transaction, appellant waived his right to claim that the agent's statement had a prejudicial effect on the jury, despite the court's admonition. *See State v. Banks*, 24 Ariz.App. 369, 539 P.2d 173 (1975).

Because appellant was absent at trial, a photograph was used for identification by the undercover agent of the person he arrested as a result of the marijuana purchase, and by a court clerk as the person arraigned on the charge. Prior to identification before the jury, the trial court held a hearing and concluded that although the circumstances of pre-trial identification from the photograph were unduly suggestive, there was clear and convincing evidence that the proposed in-court identification was not tainted by the prior identification. *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969). The record does not disclose the clear and manifest error that must appear before such determination will be disturbed on appeal. *State v. Darby*, 105 Ariz. 115, 460 P.2d 9 (1969). As noted above, the agent had seen appellant on four or five occasions, all within a few months before trial, and the court clerk had seen him plead guilty to another charge, in addition to seeing him several months later at

his arraignment and subsequent release hearing in the present case.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.