**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4522-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RONALD B. GREENE, a/k/a/
RONALD B. GREEN,

    Defendant-Appellant.

_____

Submitted February 10, 2021 – Decided April 21, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-02-0302.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Ronald B. Greene appeals the Law Division order denying him post-conviction relief (PCR) without an evidentiary hearing. We affirm.

To resolve the issues raised on appeal, we need not detail the trial evidence and procedural history, which are detailed in our unpublished decision State v. Greene, No. A-4674-13 (App. Div. Nov. 9, 2016), certif. denied, 229 N.J. 13 (2017), affirming defendant's convictions for second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1; third-degree distribution of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(a)(1) and -5(b)(5); second-degree conspiracy to distribute CDS, N.J.S.A. 2C:5-2, N.J.S.A. 35-5(a)(1), and N.J.S.A. 2C:35-5(b)(1); third-degree possession with intent to distribute an imitation drug, N.J.S.A. 2C:35-11; first-degree armed robbery, N.J.S.A. 2C:15-1; two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); two counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); fourth-degree possession of prohibited devices (defaced firearm), N.J.S.A. 2C:39-3(d); two counts of second-degree possession of a firearm while committing a drug offense, N.J.S.A. 2C:39-4.1(a); third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(1); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b). We did,

2

however, remand for the trial court to explain its reasons for imposing consecutive sentences resulting in an aggregate thirty-five-year prison term with twenty-one years and three months without parole. Greene, slip op. at 7, 20. Instead, we focus on contentions before us.

Defendant argues the PCR judge erred in barring claims because he found they were previously adjudicated on direct appeal or could have been raised on direct appeal. Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." Defendant asserts his claims fall under the exception of Rule 3:22-4(a), which provides:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

He maintains his claims focus on the inattention of counsel and were not previously decided and could not have been raised on appeal, citing State v.

3

<u>Damon</u>, 286 N.J. Super. 492, 496 (App. Div. 1996). We disagree and affirm substantially for the reasons set forth in Judge Robert M. Vinci's written decision.

Before us, defendant renews his contention that trial counsel rendered ineffective assistance of counsel in failing to file a motion to suppress weapons purportedly found at the scene because the State did not establish a chain of custody. Judge Vinci decided that defendant should have but did not argue on direct appeal that the chain of custody of the weapons was not established.

Nevertheless, the judge rejected defendant's argument on its merits because there was uncontroverted testimony placing the weapons at the scene. The judge reasoned there was "photograph[ic] [evidence] of the weapons at the scene, testimony of the [police] officer who took the photographs," and testimony by another police officer identifying "the handgun that defendant pointed at his head. . . ." He further explained there was testimony by an additional police officer "regarding his observation of defendant placing that handgun on the ground in the area of the parked vehicles." Additionally, officers testified that the weapons were collected from the "scene after they were photographed." Because there "was more than sufficient [evidence] to establish the admissibility of the weapons," the judge relied upon the principle espoused

in State v. Worlock, 117 NJ. 596, 625 (1990), that counsel cannot be ineffective for filing a motion that would have been unsuccessful.

Defendant also contends that both trial and appellate counsel failed to raise crucial issues on his behalf, causing him to file two pro se motions, and pro se supplemental trial and appellate briefs. Defendant's motions sought to dismiss the indictment based upon the prosecutorial misconduct and insufficient evidence, and to obtain an acquittal notwithstanding the verdict on the robbery and drug charges. The motions were denied.

Defendant's pro se brief point headings argued: (1) "[p]rosecutorial misconduct during grand jury proceedings"; (2) "[t]he State failed to present evidence from which the jury could draw inference to conclude beyond a reasonable doubt that defendant conspired to commit robbery and possessed CDS [with] intent to distribute"(second alteration in original); (3) "the trial court failed to instruct the jury on an essential element of [first-degree robbery]"; (4) "[t]he State failed to present sufficient evidence from which the jury could conclude first[-]degree [robbery] beyond a reasonable doubt"; and (5) "[t]here was insufficient evidence of the existence [of] heroin . . . to sustain a conviction" on any of the CDS charges. Greene, slip op. at 8-9. We decided that the trial court properly denied defendant's motion for judgment of acquittal because

"there was ample evidence whereby a reasonable jury could find defendant guilty of conspiracy to distribute heroin." Id. at 17. As for defendant's other appellate pro se arguments, this court applied Rule 2:11-3(e)(2), holding they "lack[ed] sufficient merit to warrant discussion in a written opinion." Id., at 20.

Judge Vinci found defendant's contentions were not viable for PCR merely because he alleged that counsel was deficient and that they could not have been raised before the trial and appellate courts. The judge held "defendant cannot establish that [trial and appellate counsels'] . . . failure to [raise issues] changed the result of, or undermined confidence in, the outcome of the proceedings because the arguments were, in fact, presented to those courts."

Defendant contends trial counsel failed to properly object to hearsay testimony by several police officers and failed to obtain supplemental police reports regarding the handguns and defendant's purported actions. The judge determined the contentions were nothing more than bald allegations premised on questions concerning trial strategy. Defendant provided no proof "that . . . supplemental reports may have contained discrepancies or that additional or different cross-examination of the officers may have been fruitful." The judge also found there was no requirement that the State "provide written summaries of the officers' anticipated testimony prior to trial."

A-4522-18

In denying PCR, the judge applied the well-settled two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), that a defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); and second, he must prove that he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. The judge found that under State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), some of defendant's contentions were nothing more than bald assertions lacking factual support, and thereby failing to establish a prima facie case of ineffective assistance of counsel.

Our review of the record fully substantiates Judge Vinci's ruling that defendant failed to establish a prima facie case of ineffective assistance of counsel. Hence, we cannot find he abused his discretion in denying defendant's request for an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992); State v. Porter, 216 N.J. 343, 354 (2013) (holding an evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record).

To the extent we have not specifically addressed defendant's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4522-18