NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GILBERT ARMENTA CARRASCO, *Appellant.*

No. 1 CA-CR 21-0162
FILED 1-27-2022

Appeal from the Superior Court in Maricopa County
No.  CR 2018-002261-001
The Honorable Laura J. Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

_____

**C A M P B E L L**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. The defendant, Gilbert Carrasco, was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Carrasco. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999); *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having done so, we affirm.

## BACKGROUND

¶2        On a Friday night in March 2018, a few minutes before 9 p.m., two cars approached the entry gate of a fenced parking lot at a Target warehouse in Phoenix. The driver of the second car, a Target employee, watched as the first car, a silver hatchback, rammed into the closed gate and squeezed through, knocking the gate off the tracks. The employee called 911; another employee who was watching the hatchback on the lot's surveillance cameras called the Phoenix police. They reported the hatchback was circling around inside the lot, driving "real fast" and "real crazy."

¶3        Officers Goldsmith and Johnson arrived at 9:08 p.m. After trying unsuccessfully to open the broken entry gate, the officers gained entry though the lot's exit gate about five minutes later. As they entered the fenced lot, they saw the silver hatchback inside, driving towards the exit. The officers stopped the car, finding Carrasco at the wheel and, in the back seat, his one-year-old daughter and a poodle. The driver side of his car was dented from front to rear and missing door handles and a side view mirror. Carrasco told Officer Goldsmith that he was "just trying to get [his] baby home" and that another police officer had led him into the parking lot.

¶4          Carrasco's eyes were bloodshot and watery; his breath smelled like alcohol; and his words were somewhat slurred. His behavior oscillated from calm to agitated and belligerent. He was swaying and unable to stand still, and he rambled about his life, his enemies, and his fear of being ambushed. Carrasco admitted to drinking alcohol earlier that morning and afternoon but denied being on drugs. The officers attempted to perform a field sobriety test, but Carrasco was uncooperative and nearly fell over at the start of the only task he attempted.

¶5          The officers arrested Carrasco and transported him to the station. During the car ride, Carrasco said the "only reason he [rammed into the gate] is because the Mexican Mafia was chasing him." At 11:07 p.m., Officer Mancha drew Carrasco's blood, pursuant to a warrant. Carrasco's blood alcohol content was .106, and his blood tested positive for unmetabolized THC and methamphetamine.

¶6          The State charged Carrasco with three counts of aggravated driving under the influence, each a class 6 felony. *See* A.R.S. § 28-1381(A)(1)–(3) (defining offenses for driving under the influence of alcohol or drugs while "impaired to the slightest degree," with a blood "alcohol concentration of 0.08 or more within two hours of driving," and while under the influence of certain drugs); *see also* A.R.S. § 28-1383(A)(3)(a) (offense aggravated if committed while person under age 15 is in vehicle). At a settlement conference in January 2019, Carrasco expressed intent to accept a plea bargain but requested a continuance of several days to put his affairs in order before going into custody. The court granted the continuance, but Carrasco absconded.

¶7          In May 2019, Carrasco was tried in absentia.[1] Officers Goldsmith, Johnson, and Mancha testified on behalf of the State, as did the forensic scientist who tested the blood alcohol levels in Carrasco's blood. The State also offered pictures of the car and the gate, recordings of the calls to 911 and the police, and footage from Officer Goldsmith's body camera and the surveillance cameras. The jury found Carrasco guilty on all three counts, and after a hearing, the trial court found he had three prior felony convictions. Carrasco turned himself in later, in 2021, and the court then

---

[1] The trial court warned Carrasco that he could be tried in absentia should he fail to appear. Carrasco acknowledged his duty to appear and to maintain contact with his attorney in his signed release order. Carrasco had contact with his counsel's office the week after he first failed to appear, but then remained out of contact in the three months leading up to the trial. At sentencing, Carrasco admitted to absconding.

sentenced him to concurrent, presumptive terms of imprisonment of 3.75 years for each of the three counts. Carrasco timely appealed.

## DISCUSSION

**¶8**  After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects that, at all critical stages of the proceedings against him, except the trial, Carrasco was present and represented by counsel. Regarding the trial, Carrasco waived his right to be present by voluntarily absconding, and he was still represented by counsel. *See* Ariz. R. Crim. P. 9.1; *see also State v. Sanchez*, 116 Ariz. 118, 120 (App. 1977) (affirming waiver finding where court warned defendant he could be tried in absentia, conditions of release required maintaining contact with his attorney, and he made no effort to ascertain trial date following continuance requested by his attorney). The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. *See* A.R.S. § 13-703(C), (J). As far as the record reveals, these proceedings were conducted in compliance with Arizona's Rules of Criminal Procedure and Carrasco's constitutional and statutory rights.

## CONCLUSION

**¶9**  For the reasons above, we affirm Carrasco's convictions and sentences.

**¶10**  Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Carrasco of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Carrasco has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

